UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAMON ELLIOT,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Action No. 19-19111 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

    Petitioner is a federal prisoner currently incarcerated at FCI Fairton, in Fairton, New Jersey. He is proceeding *pro se* with an Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). For the reasons stated below, the Court will dismiss the Petition for lack of jurisdiction.

    **I.**    **BACKGROUND**

    The Court will construe the factual allegations in the Petition as true for the purpose of this Opinion. In 1997, a jury convicted Petitioner of aggravated sexual abuse, and the United States District Court for the District of Maryland sentenced Petitioner to 189 months in prison. *Elliott v. United States,* No. 07-2018, 2007 WL 2688542, at *1 (D. Md. Sept. 10, 2007). The Fourth Circuit affirmed on appeal.

    Thereafter, Petitioner filed his first motion under 28 U.S.C. § 2255 and received a denial on April 5, 2000. *Id.* Petitioner requested a certificate of appealability, and the Fourth Circuit denied that request. The remaining procedural history is unclear, but it appears that Petitioner filed at least four second or successive § 2255 motions or other filings later construed as second or successive § 2255 motions. *Elliott v. United States*, No. 07-2689, 2007 WL 3094892, at *1 (D.

Md. Oct. 18, 2007). Petitioner received a denial on each motion, and each time he requested a certificate of appealability, the Fourth Circuit denied his request. *Id*.

In March of 2020, Petitioner filed the instant Petition, raising vague ineffective assistance of counsel claims.

## II.     STANDARD OF REVIEW

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

## III.    DISCUSSION

Petitioner challenges his conviction and sentence in this 28 U.S.C. § 2241 federal habeas action. Generally, a person must bring a challenge to the validity of a federal conviction or sentence under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88–89 (3d Cir. 2013) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears

> that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). However, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Id.* at 539. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id*. at 538. "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251.

Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.*

Thus, under *Dorsainvil* and its progeny, this Court would have jurisdiction over Petitioner's Petition if, and only if, Petitioner alleges: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, and (3) for

3

which he had no other opportunity to seek judicial review.  *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017); *Okereke*, 307 F.3d at 120; *Cradle*, 290 F.3d at 539; *Dorsainvil*, 119 F.3d at 251–52.

Here, Petitioner fails to allege facts sufficient to bring his conviction within the *Dorsainvil* exception.  Petitioner does not allege that he is "actually innocent" *as a result of a retroactive change in substantive law* that negates the criminality of his conduct.  Rather, he contends that his attorneys were ineffective throughout his trial, appeal, and first § 2255 motion.  Plaintiff vaguely claims that his attorneys "forfeited/foreclosed" his rights and made "no contemporaneous objection[s]."  (ECF No. 6, at 7).  Plaintiff briefly mentions *Brady* violations and jury instruction issues.  Plaintiff presumably believes his attorneys were ineffective in relation to those issues, but he fails to provide any details to support such claims.

The Court finds that these allegations, accepted as true, would not necessarily demonstrate that "some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication." *Cradle*, 290 F.3d at 538; *see also Massey v. U.S.*, 581 F.3d 172, 174 (3d Cir. 2009).  "A motion under § 2255 is the appropriate means to challenge the constitutionality of his [incarceration] based on ineffective assistance of counsel." *Ward v. United States*, No. 08-889, 2008 WL 2622785, at *2 (D.N.J. June 27, 2008); *see, e.g.*, *United States v. Travillion*, 759 F.3d 281, 288–89 (3d Cir. 2014).

Additionally, the Court rejects Petitioner's argument that § 2255 is ineffective because he or counsel should have raised other claims during his first § 2255.  Once again, it "is the inefficacy of the remedy, not [Petitioner's] *personal inability to use it*, that is determinative."  *Cradle*, 290 F.3d at 538 (emphasis added).  Section 2255 is not somehow inadequate or ineffective in this case

merely because the sentencing court rejected Petitioner's arguments or because Petitioner failed to raise certain claims during his first § 2255 motion. *See Cradle*, 290 F.3d at 539.

Accordingly, since the *Dorsainvil* exception does not apply here, this Court lacks jurisdiction to entertain these challenges to Petitioner's conviction. Whenever a party files a civil action in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Since Petitioner has already pursued a motion under § 2255, he must seek authorization from the Fourth Circuit to file a second or successive § 2255 motion. 28 U.S.C. § 2244(b)(3). This Court finds that it is not in the interest of justice to transfer this Petition to the Fourth Circuit, as it does not appear that Petitioner can satisfy the requirements of § 2244(b)(2). However, this Court's decision does not prevent Petitioner from seeking permission from the Fourth Circuit on his own.

## IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition for lack of jurisdiction. An appropriate order follows.

DATED: June  26 , 2020                                              s/Robert B. Kugler
                                                                                              ROBERT B. KUGLER
                                                                                              United States District Judge